UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-530-MOC
(3:11-cr-258-MOC-DSC-1)

| | |
|---|---|
| EDWARD JUNIOR PATTERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.  BACKGROUND**

On December 30, 2011, pro se Petitioner Edward Junior Patterson pled guilty in this Court, pursuant to a written agreement, to conspiracy to interfere with commerce by threats or violations, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841; and conspiracy to use or carry a firearm in furtherance of a crime of violence and drug trafficking offense, in violation of 18 U.S.C. § 924(o). (Crim. Case No. 3:11-cr-258-MOC-DSC-1, Doc. No. 60: Plea Agreement; Doc. No. 61: Acceptance and Entry of Guilty Plea). This Court subsequently sentenced Petitioner to 262 months in prison, entering judgment on November 5, 2012. (Id., Doc. No. 90: Judgment). Petitioner appealed and on July 19, 2013, the United States

Court of Appeals for the Fourth Circuit affirmed this Court's judgment in an unpublished per curiam opinion. (Id., Doc. No. 126).

On June 23, 2014, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Id., Doc. No. 1: Civ. No. 3:14cv342). On November 17, 2014, this Court denied and dismissed the motion to vacate with prejudice on the merits. (Id., Doc. No. 10). Petitioner filed the instant motion to vacate on September 6, 2017, placing the petition in the prison mailing system on August 29, 2017. In the pending motion, Petitioner seeks sentencing relief in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner filed the instant motion to vacate on August 29, 2017, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:11-cr-258-MOC-DSC-1. Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion to vacate. Thus, this is a successive petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has not shown that he has obtained the permission

of the Fourth Circuit Court of Appeals to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 21, 2017

Max O. Cogburn Jr
United States District Judge