UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-258-MOC-WCM-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| **EDWARD JUNIOR PATTERSON,** | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 213). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

**I.     BACKGROUND**

On December 30, 2011, Defendant pled guilty to (1) conspiracy to commit Hobbs Act robbery, (2) conspiracy to distribute and possess with intent to distribute cocaine, and (3) conspiracy to use or carry a firearm in furtherance of a crime of violence and drug trafficking crime. (Doc. 76 at 1). Defendant faced a mandatory life sentence until the United States agreed not to seek it. (Id. at 16). On October 19, 2012, this Court sentenced Defendant to concurrent terms of imprisonment, the longest of which was 262 months. (Doc. 90 at 2). The BOP website indicates that Defendant is not scheduled to be released from prison until 2030.

Defendant is 49 years old and imprisoned at FCI Allenwood Medium in Pennsylvania. (Doc. No. at 1, 23). The Bureau of Prisons ("BOP") reports that FCI Allenwood Medium has 90 cases of COVID-19 in its inmate population and no FCI Allenwood inmates have died.

-1-

www.bop.gov/coronavirus/ (last visited Dec. 30, 2020). Defendant filed the pending motion on December 9, 2020, contending that his various health issues---—specifically "diabetes," "hypertension," "former smoking status," "high cholsteral [sic]" and "other: mental disorders"—present extraordinary and compelling reasons for his release when considered with the possibility that he may contract COVID-19 in the future. See (Def.'s Mot. at 6–7).

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at **6–9. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at *9. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at *7 n.7. Because this Court finds that the policy statement is extremely helpful

-2-

Case 3:11-cr-00258-MOC-DSC    Document 219    Filed 01/11/21    Page 2 of 6

policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 2020 WL

---

in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

7050097 (4th Cir. Dec. 2, 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, the Court assumes that Defendant's various medical conditions—particularly, having diabetes, hypertension, and being a former heavy smoker—may place him at an increased risk of death or serious complications from COVID-19. The Court further finds, however, that the statutory sentencing factors weigh in favor of Defendant's continued incarceration. This Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See §

-4-

Case 3:11-cr-00258-MOC-DSC    Document 219    Filed 01/11/21    Page 4 of 6

3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Title 18, United States Code 3553(a) provides, in relevant part, that a sentence should be sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)–(C). Here, Defendant was significantly involved in a dangerous conspiracy to rob and kill others. The Assistant United States Attorney summed up Defendant's involvement at the sentencing hearing:

> The Court has seen the Presentence Report, and when you look through paragraphs 7 through 18, it's clear over and over again that Defendant Patterson darn well planned on killing everyone in that house, given he said and I quote, it's important that the undercover agents don't freeze up. And he said, I'm gonna kill the bitch, and the next mother fucker that comes out the door I'm going to kill his ass too. He said, they've got to die. He said several times, he's going in the house and killing everyone. He talked about his nephew and said, he ain't got no conscious about killing nobody. Patterson said he might keep someone on the outside with a chopper or an assault rifle to kill anyone who tried to flee the home.

(Transcript of Sentencing Hearing, Doc. No. 115 at 5).

Defendant was also a Career Offender for sentencing purposes. See (Id. at 10, 12, and 36; PSR at 9). Before Defendant's federal conviction and sentencing, Defendant had been convicted of armed robbery (4 counts; 1990), common law robbery (2 counts; 1990), larceny from the person (1990), armed robbery (2001), and second-degree kidnapping (2002). (PSR at 10–12). Further, Defendant was under court-ordered supervision for the kidnapping offense when he committed the instant federal offense. (Id.). As a result, Defendant was a criminal history category VI–the highest possible under the federal sentencing guideline –even without the application of his Career Offender status. (Id.).

Defendant has a clear propensity for violence. He was willing to kill strangers to acquire

-5-

cocaine and he successfully recruited others to join him; he clearly expressed his intent to kill and rob; and he was not deterred by his previous prison sentences. This Court denied Defendant's motion to vary downward from the guideline range and instead imposed a 262-month sentence at the bottom of the guideline range, saying "[i]t is a big sentence, and you deserve that." (Doc. No. 115 at 37). To promote respect for the law, deter Defendant, deter others from considering the commission of similar crimes, and to ensure the protection of the public from further crimes of Defendant, the Court finds that Defendant should serve his justly imposed sentence. Thus, the Court declines to reduce Defendant's sentence and release him from prison.

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 213), is **DENIED**.

Signed: January 9, 2021

Max O. Cogburn Jr
United States District Judge