UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-CR-258-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| EDWARD JUNIOR PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 239). The Government has filed a response in opposition. (Doc. No. 244). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I.   **Background**

In July 2011, Defendant conspired with a confidential informant to rob Columbian drug traffickers of at least six kilograms of cocaine. (Doc. No. 76 ¶¶ 6–16). Defendant recruited others to participate in the robbery and stated that "he was going inside the house and killing everyone." (Id. ¶¶ 8–14). Defendant stated further that "the individuals in the residence were going to be shot in the face and murdered during the robbery." (Id. ¶ 11).

A federal grand jury indicted Defendant and charged him with Hobbs Act conspiracy, 18 U.S.C. § 1951; conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C. § 846; and conspiracy to use a firearm in furtherance of a crime of violence and drug-trafficking offense, 18 U.S.C. § 924(o). (Doc. No. 16). Defendant entered into a plea agreement with the United States and pleaded guilty to all three offenses. (Doc. No. 60 ¶ 1; Doc. No. 61). Defendant

1

stipulated in his plea agreement that more than five but less than 10 kilograms of cocaine were reasonably foreseeable to him. (Doc. No. 60 ¶ 6(a)). He also agreed that his offense level should be increased by two levels because of his aggravating role in the offense. (Id. ¶ 6(b)).

This Court's probation office submitted a presentence report and calculated a total offense level 34. (Doc. No. 76 ¶ 47). Defendant's criminal history garnered 11 criminal-history points related to his prior convictions. (Id. ¶ 55). The probation office also assessed Defendant two criminal-history points because he committed his offense while under a criminal-justice sentence, resulting in 13 criminal-history points and a criminal-history category of VI. (Id. ¶¶ 56–57). The probation office also classified Defendant, who had previous convictions for kidnapping and robbery with a dangerous weapon as a career offender, which independently yielded a criminal-history category of VI. (Id. ¶¶ 44, 50–54, 57). The probation office concluded that the Sentencing Guidelines advised a sentence of between 262 and 327 months in prison for the conspiracy offenses based on a total offense level of 34 and a criminal-history category of VI. (Id. ¶ 82). This Court sentenced Defendant to 262 months in prison at the bottom of the guideline range. (Doc. No. 90 at 2). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status

points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III. Analysis**

Defendant is not eligible for a reduction in his sentence. As he asserts in his motion, Defendant received two criminal-history points because he committed his conspiracy offenses while he was under a criminal-justice sentence. Those additional two points, however, did not alter the advisory guideline range. Even without those two points, Defendant's status as a career offender would have yielded a criminal-history category of VI. Because application of Amendment 821 would not reduce the sentencing range advised by the Sentencing Guidelines, he is not eligible for a sentence reduction.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 239) is **DENIED**.

Signed: October 4, 2024

Max O. Cogburn Jr
United States District Judge